Brady, J.
The defendant in this action did not demur.to the complaint upon the ground that it was not therein averred that he had been notified of the intentign of the plaintiffs to re-enter for the non-payment of rent, as contemplated, by statute (Laws of 1846, ch. 274, § 3; same statute, 3 Rev. Stat., 5 ed., 36, § 12), and doubtless, for the reason that they did not rest their right to the relief demanded, solely upon the nonpayment of, such rent. The lease puts upon the lessee the obligation to pay assessments, taxes, &c., and the demise is upon the condition that the covenants be performed, reserving to the lessor a right of re-entry if the covenants, or any of them, be broken. The complaint averred that taxes and assessments had been imposed which had not been discharged, in addition to the allegation that rent was in arrear and unpaid; and de *83 manded judgment against the defendant for the surrender of the premises, and for the payment of the damages sustained, which embraced the sums due for rent, and for assessments and taxes unpaid. The plaintiffs having succeeded in striking out the defendant’s answer as frivolous, gave notice that the plaintiff’s damages would be inquired into and assessed by the sheriff’s jury, and the defendant thereupon consented that they should be assessed at a sum agreed upon, which was in' excess of the amount due for rent. Under these circumstances the plaintiff’s recovery of judgment of ouster is not necessarily placed upon the non-payment of rent. The condition of the lease gave them the right to re-enter for non-payment of taxes and assessments, which the defendant admitted were due and unpaid, and it cannot now be said upon the inspection of the complaint and proceedings had, that this was an action of ejectment for non-payment of rent only; and such being the case, it becomes wholly immaterial whether the notice of intention to re-enter was given or not.
There is, however, another view of this question. This court has jurisdiction of the action of ejectment; but it may be assumed that when it is brought for nonpayment of rent, fifteen days’ notice of an intention to re-enter must be shown. Acting on this assumption, it cannot be questioned that the notice required by the statute is for the benefit of the tenant, lessee, or assignee, and being for his benefit, that he may waive a compliance with it, by appearing in the action commenced against him and failing to object. This is the statement of a general rule well settled. The defendant in this action appeared and did not object to the plaintiff’s recovery for the omission stated, and in various proceedings and motions in the action subsequent to his answer, did not present it. It .comes too late. It was by no means essential to the jurisdiction of this *84 court, although it may be that it was to the plaintiff’s success.
The motion to vacate the judgment must, for these reasons, be denied.